# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN ORNELAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-528-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brian Ornelas appeals his conviction and sentence for possession with intent to distribute cocaine. First, he argues that the prosecutor committed misconduct during closing argument by: (1) impugning defense counsel by suggesting that she wished to confuse the jury; (2) suggesting that in order to find Ornelas not guilty the jury would have to believe there was a conspiracy against him; (3) offering a factual analogy that diminished the reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doubt standard; and (4) allocating the majority of closing argument for rebuttal.

Because Ornelas did not object to these statements or the time allotted for rebuttal, we review for plain error only. *See United States v. Rashad*, 687 F.3d 637, 643 (5th Cir. 2012). To establish plain error, Ornelas must show (1) a forfeited error; (2) that is clear or obvious and not subject to reasonable dispute; and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Ornelas has not shown that any of the challenged statements were improper given that the prosecutor made each statement in response to an argument or theory offered by defense counsel in closing argument. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 433 (5th Cir. 2014); *United States v. Ramirez-Velasquez*, 322 F.3d 868, 874-75 (5th Cir. 2003). He also has not demonstrated that the district court abused its discretion by allowing the prosecutor to reserve a majority of his closing argument for rebuttal. *See United States v. Cugno*, 255 F. App'x 5, 12 (5th Cir. 2007). Therefore, Ornelas's argument that the cumulative effect of these errors warrants a reversal of his conviction has no merit. *See United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998).

In addition, Ornelas contends that the district court erred in its response to a jury note by instructing the panel to consider only the evidence admitted at trial. However, the response allowed the jury to comprehend the issue presented to it and corresponded to this circuit's pattern jury instructions and the instructions given to the jury during trial. *See United States v. Richardson*, 676 F.3d 491, 507 (5th Cir. 2012); *United States v. Cantu*, 185 F.3d 298, 305-

No. 16-40055

06 (5th Cir. 1999). Ornelas has not shown an abuse of discretion by the district court in this regard. *See United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002).

Finally, Ornelas asks this court to remand the matter to the district court for a correction to the judgment. At sentencing, the district court recommended that Ornelas participate in the Residential Drug Abuse Program. The written judgment recommends that he participate in a comprehensive drug treatment program. Accordingly, the written judgment is AMENDED to conform to the district court's oral pronouncement recommending that Ornelas participate in the Residential Drug Abuse Program. *See United States v. Taylor*, ___ F. App'x ___, 2017 WL 243342, 1 (5th Cir. Jan. 19, 2017); 28 U.S.C. § 2106. The judgment is AFFIRMED as amended.